Caruthers, J.,
delivered tbe opinion of tbe Court»
In January, 1855, there was granted by tbe State of Tennessee, 5000 acres of land, in Erentress county, to tbe defendants jointly.
*144 The complainant claims 150 acres of this land by purchase from Cobb, and filed this bill in September 1858, to set up his title and have the same laid off to him.
The contract of purchase was by parol, and the statute of frauds and perjuries, is relied upon in defense.
In July, 1835, Cobb sold out his undivided moiety to McCormack, and made him a deed for the same of that date. There is a clause in that deed upon which the complainant relies to take the case out of the statute of frauds; it is in these words, which follow the description of the land: “ Saving and reserving a certain tract, sold by the said Cobb to Mathew W. Wright, within said grant, supposed to contain about 150 acres, and the undivided interest, title and claim of the said McCormack, in and to said tract sold to said Wright, forms a further consideration, and said contract is hereby affirmed for the benefit of said Cobb.”
This is the only written evidence of the sale, and the only question in the case is, whether it is sufficient. Besides others, we have two very recent cases of our own, in which this doctrine is examined: one in 1st Sneed, 25, and the other in 2d Sneed, 174. These cases according with others, in our own reports, as well as the weight of authority, hold that the “note or memorandum,” required by the statute, must specify the substantial terms of the contract. It must show with reasonable certainty, “the estate intended to be sold, and the terms of the sale.” This writing does not purport to set out the terms of the contract, or give *145 any description of tbe land sold. Indeed, it is not the object of the writing to set out a contract, or sale of land to Wright, but only to make a reservation in a sale to another. But admitting, for the sake of the argument, that, under the great latitude of construction given to this statute for the purpose. of supporting sales, a clause in a deed to another would answer, this certainly falls short of the requirement of the statute.
Mr. Greenleaf says, it. is sufficient, if the contract can be plainly made out, in all its terms from any writings of the party, or even from the correspondence.” Kent, in 2 Com., 571, says: “The contract must, however, be stated with reasonable certainty, so that it can be understood from the writing itself, without having recourse to parol proof. Unless the essential terms of the sale can be ascertained from the writing itself, or by reference contained in it to something else, the writing is not a compliance with the statute.”
This is a very stale demand, but if it were recent and fresh, it is very manifiest, in ’ view of these authorities that it cannot be maintained.
The decree of the Chancellor will be reversed, and the bill dismissed.